**[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

---

No. 99-1672

KARL PIHL; DIANE PIHL,

Plaintiffs, Appellants,

v.

CITY OF LOWELL; GEORGE TSANDIKOS; MASSACHUSETTS DEPARTMENT
OF EDUCATION; LOWELL SCHOOL COMMITTEE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Diane Pihl on brief pro se.
Regina Williams Tate and Murphy, Hesse, Toomey & Lehane on
brief for appellees Lowell School Committee, City of Lowell and
George Tsandikos.

---

MARCH 29, 2000

---

**Per Curiam**. We have reviewed the parties' briefs and the record on appeal. We affirm the judgment of the district court, essentially for the reasons stated in its memorandum and order, dated April 26, 1999.

A parent is entitled to reimbursement only if a court concludes "both that the public placement violated [the Individuals with Disabilities Education Act] and that the private school placement was proper under the Act." Florence County School Dist. Four v. Carter, 510 U.S. 7, 15 (1993). The question of whether an individualized educational program (IEP) is adequate and appropriate is a mixed question of fact and law. Roland M. v. Concord School Comm., 910 F.2d 983, 990 (1st Cir. 1990), cert. denied, 499 U.S. 912 (1991). Absent a mistake of law, we accept the district court's conclusion regarding adequacy and appropriateness so long as it is not clearly erroneous on the record as a whole. Id. at 991. The district court correctly recited and applied the law and its conclusions vis-a-vis the Brown School and Mrs. Pihl's home-based program is not clearly erroneous.

We add that, in any event, "[r]eimbursement is a matter of equitable relief, committed to the sound discretion of the district court" and "usually reserved for

parties who prevail at the end of a placement dispute."  Id. at 999  (citation and internal quotation marks omitted).  We find no abuse of discretion in the district court's rejection of Mrs. Pihl's claim for reimbursement of out-of-pocket expenses for home aides between 1984 and 1988.

Affirmed.